IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| KEVIN DOUGLAS McGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4094-CV-C-SOW |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants are State of Missouri, Fulton State Hospital, Anthony Menditto, and Missouri Department of Mental Health. Plaintiff alleges that he was "set up" or was the victim of entrapment as to the criminal charges filed against him in 1995. Plaintiff requests that he be released from confinement at Fulton State Hospital.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. *In re Williamson*, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term

"frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

It appears from plaintiff's complaint that on June 6, 1988, he was found not guilty by reason of mental disease. It further appears plaintiff was released conditionally on October 29, 1992, and again on May 2, 1994. In 1994, plaintiff's conditional release was revoked and he was incarcerated at Farmington Correctional Center, but was transferred to Fulton State Hospital in 1997. It appears from plaintiff's complaint and supporting documents that he has an appointed legal guardian.

To challenge his state determination of incompetency, plaintiff must petition for a writ of habeas corpus. *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (federal habeas review may be available to challenge the legality of a state court order of civil commitment) (citing *Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988) (entertaining a challenge brought in a federal habeas petition under section 2254 to state court's commitment of a person to a mental institution upon verdict of not guilty by reason of insanity)). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254 (b)(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981), *cert. denied*, 469 U.S. 1223 (1985). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. *Fay v. Noia*, 372 U.S. 391 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976), *cert. denied*, 425 U.S. 915 (1976). Accordingly, plaintiff's claims should be dismissed, without prejudice. *Schafer v. Moore*, 46 F.3d 43 (8th

2

Cir. 1995). If plaintiff is able to invalidate his commitment to a mental institution, he may refile his section 1983 claims at that time.

Finally, as evidenced by plaintiff's detention at the Fulton State Hospital in Fulton, Missouri, plaintiff has been determined legally incompetent. Plaintiff has been assigned a legal guardian to protect his interests. Accordingly, plaintiff may not pursue a general civil claim, absent some real danger of harm, without such claim being brought either by plaintiff's guardian on his behalf, or, at least, with the guardian's documented consent.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for leave to proceed in forma pauperis be denied, pursuant to 28 U.S.C. § 1915, and his claims be dismissed, without prejudice, for failure to state a claim for which relief may be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 18th day of May, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3